*1373 NEWMAN, Circuit Judge,
concurring in part, dissenting in part.
I agree that remand is appropriate, and I agree that in this case a partial retrial was within the district court’s discretion.
However, I respectfully dissent from the change of law set forth'in Part II.B of the court’s opinion. The court holds that if the inducer of infringement believes in good faith that the patent is invalid, there can be no liability for induced infringement, although the patent is held valid. The opinion makes clear that the court intends to adjust the law, as in statements including:
We now hold that evidence of an accused inducer’s good-faith belief of invalidity may negate the requisite intent for induced infringement ...
Maj. op. at 1368-69 (emphasis added). This change in the law of induced infringement is inappropriate.
.A good-faith belief of patent invalidity may be raised as a defense to willfulness of the infringement, but it is not a defense to the fact of infringement. Patent invalidity, if proved, eliminates an invalid patent- and thus is a total defense to infringement. However, a “good-faith belief’ in invalidity does not avoid liability for infringement when the patent is valid.[1] No rule eliminates infringement of a valid patent, whether the infringement is direct or indirect.
The “inducement” statute, 35 U.S.C. § 271(b), serves a different purpose. The inducement statute, is designed to allow remedy against an entity that provides an infringing product or method to direct in-fringers, but is not itself a direct infringer. The inducement statute does not import a validity criterion, or a “good faith belief’ about validity, into proof of the act of infringement. See Akamai Techs., Inc. v. Limelight Networks, Inc., 692 F.3d 1301, 1308 n. 1 (Fed.Cir.2012) (en banc) (“Because liability for inducement, unlike liability for direct infringement, requires specific intent to cause infringement, using inducement to reach joint infringement does not present the risk of extending liability to persons who may be unaware of the existence of a patent or even unaware that others are practicing some of the steps.claimed in the patent.”).
The majority’s view that a belief in invalidity can negate infringement is contrary to the principles -of tort liability, codified in the inducement statute. Liability for induced infringement is akin to “liability ... under a theory of joint tortfeasance, wherein one who intentionally caused, or aided and abetted, the commission of a tort by another was jointly and severally liable with the primary tortfeasor.”' Hewlett-Packard Co. v. Bousch & Lomb Inc., 909 F.2d 1464, 1469 (Fed.Cir.1990); see also Global-Tech Appliances, Inc. v. SEB S.A., — U.S. -, 131 S.Ct. 2060, 2067, 179 L.Ed.2d 1167 (2011) (recognizing that § 271(b) codified pre-1952 case law, wherein induced infringement “was treated as evidence of ‘contributory infringement,’ that is, the aiding and abetting of direct infringement by another party”); H.R.Rep. No. 82-1923, at 9 (1952) (explaining that the new subsection (b) “recites in broad terms that one who aids and abets an infringement is likewise an infringer.”).
*1374 A mistake of law, even if made in good faith, does not absolve a tortfeasor. “Our law is ... no stranger to the possibility that an act may be ‘intentional’ for purposes of civil liability, even if the actor lacked actual knowledge that her conduct violated the .law.” Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 130 S.Ct. 1605, 1612, 176 L.Ed.2d 519 (2010). “If one intentionally interferes with the interests of others, he is often subject to liability notwithstanding the invasion was made under an erroneous belief as to some legal matter that would have justified the conduct.” Id. (quoting W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on Law of Torts 110 (5th ed.1984)). A trespass “can be committed despite the actor’s mistaken belief that she has a legal right to enter the property.” Id. (citing Restatement (Second) of Torts § 164, & cmt. e (1963-1964)). “[PJatent validity is a question of law,” CSIRO v. Buffalo Technology (USA), Inc., 542 F.3d 1363, 1375 (Fed.Cir.2008), and an “erroneous belief’ of the “legal matter” of validity does not excuse the violation. Jer-man, 130 S.Ct. at 1612.
A defendant’s ultimate liability for induced infringement, as for direct infringement, is subject to various defenses including patent invalidity and unenforceability. However, whether there is infringement in fact does not depend on the belief of the accused infringer that it might succeed in invalidating the patent. Such a belief, even if held in good faith, does not negate infringement of a valid and enforceable patent. This rule applies, whether the infringement is direct or indirect. My colleagues err in holding that “evidence of an accused inducer’s good-faith belief of invalidity may negate the requisite intent for induced infringement.” Maj. op. at 1368.
The Court stated in Globalr-Tech that “induced infringement under section 271(b) requires knowledge that the induced acts constitute patent infringement.” 131 S.Ct. at 2068. The Court did not include a belief in patent validity as a criterion of infringement. Global-Tech does not hold that if the inducer “believed” that the patent is invalid, the inducer avoids infringement when, as here, validity is sustained.
Validity of the Commil patent was sustained by the jury, sustained by the district court, and sustained by this court. Whatever Cisco’s “belief’ as to invalidity of the patent, this belief is irrelevant to the fact and law of infringement. A belief of invalidity cannot avoid liability for infringement of a patent whose validity is sustained. The panel majority’s contrary holding is devoid of support in law and precedent.
The district court applied the correct law, and excluded the issue of validity from its retrial of the issue of infringement. My colleagues now hold that although validity was found and sustained at trial, “the district court erred in preventing Cisco from presenting evidence during the second trial of its good-faith belief in invalidity to rebut Commil’s allegations of induced infringement.” Maj. op. at 1367. The court mis-cites the Global-Tech ruling concerning the inducer’s knowledge “that the induced acts constitute patent infringement,” maj. op. at 1369, for Global-Tech relates to knowledge of infringement, not knowledge of validity.
The fact of infringement does not depend on whether the inducer’s view of patent validity is held in good faith or bad faith. Validity and infringement are distinct issues, bearing different burdens, different presumptions, and different evidence. Although the court now acknowledges that “patent infringement and invalidity are separate and distinct issues,” *1375 maj. op. at 1371, the court holds that on this third infringement trial the jury “may be asked to consider evidence of invalidity.” Maj. op. at 1372. If the jury is required to consider evidence of invalidity, as the court holds, it strains fairness to deny Cisco’s request for redetermination of the issue of validity.
I respectfully dissent from the court’s incorrect statement of the law of induced infringement, and from the holding that a showing of a good faith belief in patent invalidity can avoid all liability for induced infringement of a valid patent.

. The Prima Tek and Richdel cases cited in the court's opinion do not state otherwise. See Prima Tek II, L.L.C. v. Polypap, S.A.R.L., 412 F.3d 1284, 1285 (Fed.Cir.2005) (declining as “moot” to address liability for infringement of an invalid patent); Richdel, Inc. v. Sunspool Corp., 714 F.2d 1573, 1580 (Fed.Cir.1983) (same).